Edward S. Fleming, Plaintiff and Appellant, *v.* The Toa Alta Development Corp., The Slab Manufacturing Corp., Francisco Viejo, Carmelo Pérez, Ferdinand Pérez, Eugenio Pérez, Defendants and Appellees.

No. R-67-198.    Decided June 11, 1968.

*Benigno Pacheco Tizol* for appellant.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM: On May 14, 1964 the Superior Court, Bayamón Part, rendered judgment ordering the Toa Alta Development Corporation to pay to Edward S. Fleming the amount of $6,750, plus interest and costs.[1] Eight months later, appellant filed a suit for the recovery of judgment in which he included as defendants the Toa Baja Development Corporation, the Slab Manufacturing Corporation, and Francisco Viejo, Carmelo Pérez, Ferdinand Pérez, and Eugenio Pérez. The first amended complaint was filed on July 30, 1965. The following allegations were made: identity of incorporators, stockholders and directors of both corporations as well as that of the location of the principal office, that the assets of the Toa Alta were transferred to the Slab Corp. "the properties of one of said corporations being the same properties of the other corporation"; and that after the afore-

---

[1] The judgment entered on default arose from a claim of Fleming for salaries earned in the period comprised between February 1 and June 13, 1963, as manager and head engineer of an industrial plant of the Toa Alta Development Corporation. (Exhibit 1, Plaintiff.)

236

mentioned judgment was rendered the Toa Alta changed its corporate name to Slab. It was also alleged that all this was in keeping with the purpose of defrauding plaintiff of the amount of the judgment rendered in his favor, that there was complete identity between both entities, and that it was a business conduit or alter ego of the stockholders.

The hearing of the case was held without the appearance of defendants despite the fact that their attorney was notified.[2]

The trial court rendered judgment sustaining the complaint as to the two corporations and dismissing it as to the other defendants. It made the following findings of fact:

"The two defendant corporations, The Toa Alta Development Corp. and the Slab Manufacturing Corporation do business in Puerto Rico with offices in Bayamón, Puerto Rico, and both of them were organized by defendants Francisco Viejo, Carmelo Pérez, Ferdinand Pérez, and Eugenio Pérez. These defendant organizers of said corporations are also their officers and directors. The Toa Alta Corp. was organized first and the Slab Corp. some years later.

"On May 14, 1964, the Toa Alta Corp. being already incorporated, but not so the Slab Manufacturing Corp., the General Court of Justice of Puerto Rico, Bayamón Part, rendered judgment against the Toa Alta Corp., in a claim for wages amounting to $6,750 plus interest at the rate of 6%. After judgment was rendered the officers, incorporators, and directors of the Toa Alta Corp. organized the Slab Corp. and transferred to the latter corporation all the personal and real property owned by the former corporation, without having paid plaintiff the amount of the aforementioned judgment.

"That when the Toa Alta Development Corp. employed plaintiff he was informed that the business was prosperous and that it had assets and property to pay his salary, but when plaintiff ceased to work with said corporation they owed him the afore-

---

[2] Defendants filed an answer in which, in essence, they denied the facts alleged in the complaint.

said amount, corresponding to the salaries for months of 1962 and 1963; and when judgment was rendered in his favor he realized that he could not seek its execution because the corporation's properties not only had been transferred from the Toa Alta to the Slab Corp. but also that all the properties which passed or were transferred to the latter corporation were encumbered or pledged and could not be attached to secure the effectiveness of the judgment."

It is alleged that the trial court erred in dismissing the complaint as to the stockholders, incorporators, and directors.

■ The applicable law was set forth precisely in *Cruz* v. *Ramírez*, 75 P.R.R. 889, 895 (1954), as follows:

"We are aware that a corporation has a legal personality independent of its stockholders. But if the corporation is the mere 'alter ego' or business conduit of its only stockholders, with the benefits produced by the corporate business accruing exclusively and personally to them, then the stockholders shall be personally liable if it is necessary to prevent fraud or the accomplishment of an illicit purpose, or to prevent an injustice or a wrong."

The applicability of this general principle of corporate law is contingent upon the facts and circumstances of each case. Thus we stated in the aforecited opinion when we said that "Naturally, if the corporate entity is to be disregarded in a particular case, such action would depend upon the circumstances in each case, in the light of the general rules set forth above, and should be decided by the trial court after weighing the evidence." See, among others, *South P.R. Sugar Corp.* v. *Sugar Board*, 88 P.R.R. 42, 55–56 (1963); *J. E. Candal & Co.* v. *Rivera*, 86 P.R.R. 481 (1962); *R. Colón Mach. & Mfg. Co.* v. *Secretary of the Treasury*, 78 P.R.R. 868 (1956); *Heirs of Pérez* v. *Gual*, 76 P.R.R. 898 (1954); cf. *Feliciano Ruiz* v. *Alfonso Development Corp., ante*, p. 105.

It is precisely in this aspect—establishing that the corporate entity has been utilized for the purpose of defrauding or committing an injustice—that plaintiff was unsuccessful.

The evidence introduced does not warrant any conclusion whatsoever on that point. Let us see.

In his testimony for his cause plaintiff Fleming limited himself to testifying that Viejo and Pérez were officers of both corporations, that he could not secure the effectiveness of the judgment against the Toa Alta Development Corporation because "the property . . . was transferred to the Slab Corporation," and that upon his request he was informed that the debtor corporation had no funds. Two certificates of the Office of the Secretary of State were also offered in evidence, containing copies of the trial balances of December 31, 1964, and of the balance sheets as of February 29, 1964 of both corporations for the purpose of establishing, among other things, the identity of the directors and the transfer of the properties. (Tr. Ev. 12.)

Apparently appellant relies on the fact that there existing an unpaid corporate debt on account of the difficult economic situation suffered by the debtor corporation, the directors are liable because the properties of the corporate assets are encumbered or answer for other secured credits. Evidently, this is not sufficient. If it were so the principle of limited liability, which is consubstantial with the corporate entity would be ineffective. Additional evidence must be offered which would lead to the conclusion that the corporation has been established or that its business has been managed for the purpose of defrauding, and in this case, of precluding a creditor from recovering his credit. The evidence does not establish said assumption,[3] and it rather tends to

---

[3] An examination of the documentary evidence contradicts the greater part of the findings of fact of the trial court. Let us see. (1) When the judgment was rendered on May 14, 1964, the recovery of which had been sought, the Slab Manufacturing Corporation—since July 15, 1963—had already been incorporated. The insinuation that the organization of the latter corporation contemplated the purpose of precluding appellant from the recovery of the judgment is thus contradicted. (2) It was concluded— probably relying on plaintiff's affirmation in that sense—that the Toa Alta

establish that the Toa Alta Development Corporation was not successful in its business transactions.[4]

▪ In his brief appellant refers to the liability of the directors on the ground that they authorized with their votes the incurrence of that debt. *Cruz* v. *Ramírez, supra,* at pp. 896–898. The difficulty lies in that § 35 of the former Corporation Law, Act No. 30 of March 9, 1911, was not incorporated in the statute now in force, and that that absolute rule of liability does not prevail any more.[5]

▪ Finally, the Toa Alta not having been dissolved, appellees cannot be held liable as liquidators. It has not been alleged either, nor was it proved, that individually, they have received or have appropriated property or part of the assets of the corporation.[6]

The judgment rendered by the Superior Court, San Juan Part, on May 25, 1967 will be affirmed.

---

Development Corporation had transferred its properties to the Slab Manufacturing Corporation, thus preventing the execution of judgment. However, the general balance sheets and the trial balance of the corporations show that, on February 29 as well as on December 31, 1964, each entity had its own separate and independent assets. For example, in the capital assets of the Toa Alta there appear buildings valued at $115,976.91; in those of Slab only equipment and machinery valued approximately at $36,000.

[4] On December 31, 1964 it owed $444,484.88 on overdue bank notes. Apparently the directors had loaned the corporation the amount of $47,351.62. The amount paid was $160,000.

[5] The provisions of the law in force, which expressly require the personal liability of the directors, appear in §§ 403 (loans to officers or directors), 404 (false statements), 521 (unlawful payment of dividends) as implemented by § 1202, 14 L.P.R.A. §§ 1403, 1404, 1521, and 2202. Baker and Cary, Cases and Materials on Corporations 624 (1959).

[6] In the event of dissolution the wages earned by the employees within six months before the date of such dissolution shall have priority in the distribution, even over secured creditors. Section 1011 of the Corporation Law of 1956, as amended by Act No. 104 of June 6, 1967 (Sess. Laws, p. 337), 14 L.P.R.A. (Supp.) § 2011.